JANE MARCHAL

*v.*

MARIA J. DAVIS *et al.*

*Opinion filed December 16, 1903.*

1. EVIDENCE—*when objection to oral evidence is waived.* Failure of the defendant in foreclosure to object to oral evidence that complainants were the executors of the deceased mortgagee's estate, waives the point that proper proof of the fact was not offered.

2. APPEALS AND ERRORS—*appellant cannot complain of omissions of evidence from record.* One appealing from a foreclosure decree who fails to include all of the evidence in the record cannot complain of such omission.

3. SAME—*documentary evidence presumed to sustain decree.* The trust deed and notes shown by the record to have been admitted in the foreclosure proceeding will be presumed, on appeal, to have been sufficient to sustain the decree, where the appellant fails to include them in the record for the inspection of the reviewing court.

*Marchal* v. *Davis*, 107 Ill. App. 629, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. O. H. HORTON, Judge, presiding.

GEARON & GEARON, for appellant.

F. L. SALISBURY, for appellees.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This is an appeal from the Branch Appellate Court for the First District affirming a decree of foreclosure of the circuit court of Cook county upon a trust deed executed on June 10, 1890, by one Lilly Wiltberger to one John T. Davis to secure the payment of $12,000, due in five years after date, with interest at six per cent per annum. At the maturity of this trust deed on June 10, 1895, by agreement of the parties the payment thereof was extended for a period of five years. In December, 1897, an agreement was entered into, in writing, between

Lilly Wiltberger and the appellees herein, who were then the executors of the estate of the said John T. Davis, in which it was agreed that the appellees were to enter into the possession of the premises in question, rent the same, collect the rents, pay the insurance, taxes and repairs, and apply any surplus upon the mortgage indebtedness. In pursuance of this agreement appellees entered into the possession of the premises and continued therein until December, 1900, when Lilly Wiltberger conveyed all her right, title and interest therein to the appellant, receiving therefor five acres of California land, valued at about $1000. At the maturity of the debt secured by said trust deed or mortgage, default was made in payment, a bill of foreclosure was filed, and a cross-bill was filed by appellant. The cause was referred to the master, and upon his recommendation a decree of foreclosure was rendered for the sum of $14,877.91, together with $446.31 solicitors' fees. From this decree an appeal was prayed to the Appellate Court, where the decree of the circuit court was affirmed, and the cause is now brought to this court by appeal.

Three reasons are assigned by appellant why this decree should be reversed: (1) Because the trial court twice allowed the item of $360 for renting and managing said flat, first to the firm of Zanders & Co., and again to the so-called janitor; (2) for the reason that the appellees furnished no proof in the trial court that they were the executors of the estate of John T. Davis, deceased; (3) because the trust deed and the notes were never filed, either before the master or in the trial court, or in any way made a part of the record of the trial court.

As to the first assignment of error, the evidence shows that the property in controversy consisted of twelve flats and three store rooms in the city of Chicago. This property is what is known as "third-rate property." It was not in a first-class condition of repair and did not contain such conveniences as would make it rent to good

advantage. During the time appellees were in possession they obtained about $85 a month rent. Many repairs were necessary, and they employed a real estate agent, who employed a janitor to assume charge of said premises and to aid in keeping the same rented and in repair. Considerable money was spent for these purposes, and complaint is made by appellant that the charges made for the repairs and for the service of the real estate agent and janitor are exorbitant. Appellant also claims that double charges were made for the management of said property by the real estate agent and by the janitor. From an examination of the evidence it will be found that appellees and their agents managed said property as well as could be expected, taking into consideration all of the facts and circumstances concerning the case. We do not think there is any error in the rulings of the chancellor or in his findings of fact.

As to the second error assigned, the appellant contends that proper proof was not offered before the master or upon the final hearing that the appellees had any right to sue as executors. An examination of the record will show that oral evidence was admitted showing that the appellees were the executors of the estate of John T. Davis and that they were the owners of the trust deed in question. Appellant also filed a cross-bill, in which she made said executors defendants. No objection was made to any of this testimony by the appellant. Had she desired to raise this question, objection should have been made to this testimony so that other proof thereof could have been supplied, and by failing to do so she waived any rights which she might have had to here insist upon it.

As to the third error assigned, the appellant insists that the notes and trust deed were not offered in evidence before the master and were not filed in the trial court. An examination of the record, the evidence and the decree will show that the trust deed and notes were

offered in evidence before the master and returned into court, and the decree provides that these exhibits might be withdrawn by the complainant, to be produced at any time when requested. In taking this appeal it was the duty of appellant to make up the record, and if she failed to include in said record all of the evidence offered in the case she cannot be heard to complain of that omission here. We will assume that the documentary evidence offered sustains the decree of the trial court, and if it does not, the only way appellant can take advantage of it is by including such evidence in the record, so we may inspect it and judge of its weight. If appellant had any cause for complaint on account of this omission she could easily have obtained the production of the writings, and included them, or copies of them, in the record and brought them to this court.

We are of the opinion there is no error in the decree of the circuit court and its affirmance by the Branch Appellate Court, and it will therefore be affirmed.

*Decree affirmed.*